Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3205 | **DATE** | August 29, 2003 |
| **CASE TITLE** | *Wade v. Equifax, et al.* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached Memorandum and Order, I.C. System's motion for summary judgment [26-1] is granted. The Clerk is directed to enter a Fed.R.Civ.P. 58 Judgment terminating this case.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | SEP 0 8 2003 date docketed | |
| | Docketing to mail notices. | | U.S. DISTRICT COURT CLERK | | 35 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 03 SEP -5 PM 5:04 | | |
| RTS | courtroom deputy's initials | | FILED FOR DOCKETING | date mailed notice | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| LORI WADE, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 02 C 3205 |
| EQUIFAX, et al., | ) |
| Defendant. | ) |

DOCKETED
SEP 0 8 2003

## MEMORANDUM AND ORDER

Plaintiff Lori Wade is a victim of identity theft. She claims that defendant I.C. System, Inc., which was attempting to collect a debt on behalf of a cellular phone company, failed to conduct a reasonable investigation regarding the debt allegedly owed by her as required by the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b)(1)(A) ("FCRA"). Presently before the Court is I.C. System's motion for summary judgment pursuant to Fed.R.Civ.P. 56. For the following reasons, the motion is granted.

I.  Background

The following facts are undisputed unless otherwise noted. Verizon provides cellular telephones and cellular telephone service to its customers. In June 2001, I.C. System contracted with Verizon to collect an unpaid account belonging to an individual named Lori White, who resided in Pomona, California. Plaintiff Lori Wade resides in Wyoming.

Ms. Wade claims that an unknown person stole her personal information and wrongfully created a Verizon account using her social security number. After the account was sent to I.C. System for collection, Equifax, a consumer credit reporting agency, placed this information on

Ms. Wade's credit report. Ms. Wade repeatedly disputed this entry with Equifax. Equifax told Ms. Wade that it had contacted I.C. System directly to verify the debt.

On January 21, 2002, I.C. System received a consumer dispute verification form from Equifax regarding Ms. Wade's claim that she was not responsible for the Verizon debt. In response, I.C. System verified the account information by reviewing the name, address, and social security number of the debtor in its records. I.C. System discovered that the name on the account was Lori White, not Lori Wade, filled out the form accordingly, and returned it to Equifax that same day.[1] *See* Affidavit of Carol Labs, at ¶ 7 (Defendant's Ex. A).

In February 2002, Ms. Wade received a letter from Equifax stating that it had verified that the I.C. System Verizon debt belonged to her. Dissatisfied, Ms. Wade again complained to Equifax and again received a letter stating that it had verified that the debt was hers.

In April 2002, Ms. Wade ordered a consumer disclosure from Equifax and learned that the I.C. System account for the Verizon debt still appeared on her credit report. She thus sent Verizon an affidavit supporting her fraud claim. In the affidavit, Ms. Wade noted that the name on the account – Lori White – was not her name, and that the fictitious Lori White had used her social security number.

On May 10, 2002, I.C. System received an e-mail from Verizon which told I.C. System to withdraw the account due to fraud. I.C. System immediately withdrew the account and flagged it as disputed. On May 13, 2002, I.C. System sent computer tapes to the credit reporting agencies

---

[1] Ms. Wade disputes that I.C. System told Equifax that the account belonged to a different person. However, she does not point to any evidence in the record to support her position, and I.C. System's version of the facts is supported by the record. Thus, this fact is deemed admitted for the purposes of I.C. System's summary judgment motion. *See* Local Rule 56.1(b)(3).

2

which indicated that the account was disputed and asked the agencies to delete any references to the account. On May 16, 2002, Ms. Wade received a letter from Verizon stating that they had established that the "Lori White" account was fraudulent and that she would not be held responsible. This lawsuit followed.[2]

## II. Discussion

### A. Standard for a Motion for Summary Judgment

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of any material fact." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party opposing the summary judgment motion "may not rest upon the mere allegations or denials of the adverse party's pleading"; rather, it must respond with "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Valenti v. Qualex, Inc.*, 970 F.2d 363, 365 (7th Cir. 1992), *citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A court should grant a motion for summary judgment only when the record shows that a reasonable jury could not find for the nonmoving party. *Valenti*, 970 F.2d at 365; *Anderson*, 477 U.S. at 248.

---

[2] Ms. Wade previously dismissed her claims against Equifax, Verizon, and Fingerhut Credit, which appears to be another company that provided inaccurate information based on Lori White's use of Lori Wade's information. Thus, I.C. System is the sole remaining defendant.

3

**B.  The FCRA**

Under the FCRA, a furnisher of information is an entity which transmits information about a particular debt owed by a particular consumer to a consumer reporting agency. *DiMezza v. First USA Bank, Inc.*, 103 F. Supp. 2d 1296, 1299 (D.N.M. 2000). The parties agree that I.C. System is a furnisher of information. The FCRA requires furnishers to provide accurate information to consumer credit reporting agencies. 15 U.S.C. § 1681s-2(a).

The FCRA also provides that, "[a]fter receiving notice . . . of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall: (a) conduct an investigation with respect to the disputed information; (b) review all relevant information provided by the consumer reporting agency . . . ; (c) report the results of the investigation to the consumer reporting agency; and (d) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis." 15 U.S.C. § 1681s-2(b)(1)(A-D); *Bruce v. First U.S.A. Bank, Nat. Ass'n*, 103 F. Supp. 2d 1135, 1142 (E.D. Mo. 2000). The furnisher must satisfy these requirements within thirty days of the receipt of the notice. 15 U.S.C. § 1681s-2(b)(2). A furnisher is liable if it negligently or willfully fails to comply with the statute. 15 U.S.C. §§ 1681n & 1681o.

Ms. Wade claims that I.C. System failed to conduct a reasonable investigation into the disputed Verizon account appearing on her credit report. *See* 15 U.S.C. § 1681s-2(b)(1)(A). To determine if a credit reporting agency conducted a reasonable investigation, the court must consider: (1) whether the consumer alerted the agency that the initial source of the information

4

was unreliable; (2) whether the agency knew or should have known that the source was unreliable; and (3) the cost of verifying the accuracy of the source versus the possible harm of reporting inaccurate information. *Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997). The reasonableness of an investigation is generally a question of fact for the jury. *See Bruce*, 103 F. Supp. 2d at 1143.

Here, the record shows that Ms. Wade never contacted I.C. System directly. Instead, on January 21, 2002, I.C. System received a consumer dispute verification form from Equifax about the Lori White Verizon account which appeared on Lori Wade's credit report. On the same day, I.C. System verified the account information by reviewing the name, address, and social security number of the debtor in its records. It confirmed that the name on the account was Lori White, not Lori Wade, filled out the form accordingly, and returned it to Equifax.

Ms. Wade contends that I.C. System's investigation was not thorough enough. She appears to be targeting I.C. System for Equifax's failure to remove the Verizon account from her credit report. The FCRA, however, only requires a furnisher who learns of a dispute to conduct a reasonable investigation into the dispute and report its findings to the consumer reporting agency within thirty days. 15 U.S.C. § 1681s-2(b)(1)(A)-(C) & (2).[3]

---

[3] The FCRA also requires a furnisher to report the results of its investigation within thirty days to "all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis" if "the investigation finds that the information is incomplete or inaccurate." 15 U.S.C. §§ 1681s-2(a) & 1681s-2(b)(1)(D). The record indicates that I.C. System disseminated the results of its investigation to Equifax on the same day it received the inquiry form. It does not appear to have sent the results of its investigation to all of the consumer credit reporting agencies until several months later. However, Ms. Wade explicitly argues only that I.C. System's investigation of the debt was unreasonable. Thus, she has waived any potential argument based on I.C. System's apparent failure to notify agencies other than Equifax of the problem with the Verizon debt.

As noted by I.C. System, the FCRA does not automatically require it to call or write a consumer who has disputed a debt. It also does not require it to tell a consumer reporting agency what to delete or add to a credit report. The FCRA plainly requires a furnisher to do precisely what I.C. System did – promptly review its records to make an initial determination as to whether the disputed information is correct. If the records show that the information is incorrect, a furnisher is only required to disseminate that information to the consumer reporting agencies. Because I.C. System's records showed that the debt was Lori White's not Lori Wade's and I.C. Systems imparted this information to Equifax, I.C. System was not required to go any further in order to reasonably investigate the dispute. *Cf. Bruce*, 103 F. Supp. 2d at 1143-44 (after credit reporting agencies and plaintiff told a bank which had issued a credit card that the account was fraudulent, fact question as to the reasonableness of the bank's investigation existed when the bank's records indicated that the signatures on the credit card applications did not match the plaintiff's signature and the bank nevertheless verified the debt without conducting any further investigation); *Kronstedt v. Equifax*, No. 01-C-0052-C, 2001 WL 34124783, at *17 (W.D. Wis. Dec 14, 2001) (fact question as to the reasonableness of a bank's investigation existed when its credit department verified a debt even though the consumer dispute verification form indicated that the plaintiff claimed that the account was not hers and the bank's collection department suspected that the account was fraudulent but did not communicate this information to the credit department).

It is true that Equifax did not promptly remove the information about the Verizon debt from Ms. Wade's credit report. In an ideal world, Equifax would have immediately acted to correct its records once it received the form from I.C. System indicating that the Verizon debtor

6

and Ms. Wade did not appear to be the same person. Unfortunately for Ms. Wade, however, the FCRA does not make a furnisher liable for a consumer reporting agency's failure to properly act on information received from that furnisher. *See Olwell v. Medical Information Bureau*, No. 01-1481 JRTFLN, 2003 WL 79035, at *4 (D. Minn. Jan 7, 2003).

This leaves the Court with Ms. Wade's puzzling contention that I.C. System "merely verified the inaccurate information" provided by Verizon. *See* Pl.'s Resp., at 19.[4] This statement contradicts the record, as I.C. System told Equifax that the name on the Verizon debt was Lori White, not Lori Wade. Thus, the remaining dispute is based on the fact that I.C. System sent back the consumer debt verification form to Equifax pointing out that the debtor was Lori White and Equifax nevertheless continued to adhere to an incorrect belief that I.C. System had verified that the debt was, in fact, Lori Wade's.

This dispute is not enough to allow Ms. Wade to survive summary judgment based on her contention that I.C. System's investigation was not up to par. The record clearly shows that I.C. System examined its records and provided the fruits of that effort to Equifax well within thirty days. Equifax's failure to assimilate or act on the information does not change the fact that I.C. System conducted a prompt investigation of the information in its control and told Equifax that the debtor was Lori White. Simply, Equifax's fumbling of the form stating that Lori Wade was not the name of the debtor on the Verizon account does not fall on I.C. System.

In the interests of completeness, the Court also notes that Ms. Wade never contacted I.C. System directly. Thus, the only other thing I.C. System could have done to investigate the debt

---

[4] The Court notes that Ms. Wade submitted a 24 page memorandum in response to the motion for summary judgment. Local Rule 7.1 limits filings to 15 pages unless the court orders otherwise. In the interests of expediency, the Court did not require Ms. Wade to file a shorter response. The Court, however, expects counsel for Ms. Wade (Krohn & Moss, which frequently appears before this court) to comply with Local Rule 7.1 in the future.

7

would have been to contact Verizon and Ms. Wade and mediate their dispute to determine whether Ms. Wade in fact was responsible for the Verizon debt. Even if I.C. System had done this, the end result would have been the same as I.C. System, based on a review of its own records, telling Equifax that the debt was Lori White's, not Lori Wade's.

In short, I.C. System complied with the FCRA's investigation requirement by promptly reviewing its records and telling Equifax that it believed that the proper debtor was Lori White. Thus, it cannot be liable for conducting an inadequate investigation. To hold otherwise would impose strict liability on furnishers for the actions of consumer reporting agencies who receive information from them. Accordingly, the court finds that I.C. System satisfied the investigation component of the FCRA. *See* 15 U.S.C. § 1681s-2(b)(1)(A). Because Ms. Wade's arguments in response to I.C. System's motion for summary judgment focuses exclusively on the investigation provision, I.C. System is entitled to summary judgment.

## III. Conclusion

For the foregoing reasons, I.C. System's motion for summary judgment [26-1] is granted. Because this disposes of the remaining claims in this case, the clerk is directed to enter a Fed.R.Civ.P. 58 judgment terminating this case.

DATE: August 28, 2003

Blanche M. Manning
United States District Judge